**MAAS & WALDSTEIN COMPANY and Plextone Corporation of America, Appellants,**

v.

**AMERICAN PAINT CORPORATION, Appellee.**

**No. 16420.**

United States Court of Appeals Eighth Circuit.

March 23, 1961.

Jordan B. Bierman, New York City, for appellants.

Ray G. Palmer, Duluth, Minn., for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an action brought by Maas & Waldstein Company and Plextone Corporation of America against American Paint Corporation for common law and statutory trade-mark infringement and unfair competition. There was federal jurisdiction by reason of diversity, amount involved and also under the Lanham Trade-Mark Act of 1946, 15 U.S. C.A. § 1121.

Plaintiffs' trade-mark is Plextone, which Maas & Waldstein has used since 1949 in connection with sales of a wide variety of paints and related materials, and the defendant's trade-mark is Flexitone, which it has used since 1952 in marketing a type of paint or enamel. Plaintiff Maas & Waldstein is the owner of United States Trade-Mark Registration No. 547,125 of its Plextone trade-mark for "Industrial Coating Finishes for Producing Multiple-Colored Film Coatings", but it adopted and has used the Plextone trade-mark since late 1949

in connection with both solid and multi-colored paints and also with primers, sealers, alkyds, latexes, vinyls, thinners, reducers and solvents. Plaintiff Plextone Corporation of America is the licensee of the trade-mark owner and since its formation in January, 1957, the licensee has used the trade-mark on the same line of goods.

The defendant American Paint Corporation did not adopt or commence to use its Flexitone trade-mark prior to 1952 and since that time has used the mark in connection with a type of solid colored paint or enamel.

The plaintiffs contended on the trial to the Court that the two trade-marks Plextone and Flexitone cover protective coating compositions which have the same or similar descriptive properties and are offered for sale and sold to the same classes of customers and within the same geographical area. That the marks are confusingly similar and the defendants use of Flexitone is adapted to and does deceive purchasers as to the origin of the goods and wrongfully takes advantage of plaintiffs' good will, infringes their trade-mark and constitutes unfair competition.

Defendant contended that the words Plextone and Flexitone raise entirely different connotations and mental associations; that in all its uses of Flexitone defendant is clearly and unmistakably indicated as the source of and the dealer in Flexitone goods; that the plaintiffs do not sell products of the species or class to which defendant's Flexitone products belong, nor do they sell to the same class of purchasers; and that the products of the parties are not competitive and the charges of infringement or unfair competition were denied.

On the trial of the case before the Court without a jury, the Court found on the issues for the defendant and the judgment was for dismissal. The opinion is reported at 178 F.Supp. 498, 501, 502. The plaintiffs appeal.

As shown by the opinion, the Court based its decision on the study of volu-minous evidence (thoroughly explored by pre-trial preparation). Effect was given to the registration of plaintiffs' Plextone mark under the Lanham Trade-Mark Act of 1946, 15 U.S.C.A. § 1121 and the Court stated the questions which were presented for decision in the case. It noted that the queries "give rise to issues of fact" and found that "[e]ven if plaintiffs' mark were entitled to protection throughout the field of protective coatings, the evidence does not demonstrate any confusing similarity between the marks that would warrant a finding of infringement." It stated "It is my considered opinion that plaintiffs' trademark was not infringed by defendant." "The facts do not spell out unfair competition" and "[o]ccasion for confusion to the public does not appear from comparison of the two marks here in question." "I can perceive nothing that would tend to deceive the purchasing public into believing that in paying for Flexitone they were buying plaintiffs' products."

■■ We have carefully considered all of the details of the evidence and arguments of counsel in support of inferences that could be drawn contrary to the finding made by the Court, but it can not be held that the Court's finding as to circumstantial matters and ultimate facts are without substantial evidence to support them or that they are clearly wrong. It is significant, though not controlling, that during the years the two trade-marks have been used in the same territory by their respective owners, no instances of deceit or confusion in respect to them has been shown and the proof that the products greatly differ in composition and appearances and are generally marketed to different classes of customers tends to support the Court's conclusions. They must be sustained under Rule 52(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. No judgment other than the dismissal could have been entered in view of the facts found. The judgment is affirmed.